IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BEAU RIDLING RAYBURN**                                                              **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO.  1:07-cv-989-LG-JMR**

**STEVE GARBER, et al.**                                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER DISMISSING THE PLAINTIFF'S COMPLAINT

The Plaintiff, an inmate of the Pearl River County Jail, Poplarville, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  Upon a review of the complaint submitted, the Court determined that Plaintiff failed to submit a signed complaint on the appropriate forms for prisoners seeking relief pursuant to 42 U.S.C. § 1983. Therefore, on October 9, 2007, an order [6] was entered directing plaintiff to fully complete, sign and file a "FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983," within twenty days.[1]  Plaintiff was warned that his failure to timely comply with an order of this Court may result in the dismissal of this case.  Plaintiff has failed to comply with the Court's order.

On December 12, 2007, an order [7] was entered directing the Plaintiff to show cause, within twenty days, why this case should not be dismissed for his failure to comply with the October 9, 2007 court order.  The Plaintiff was warned in the show cause order that failure to keep this Court informed of his current address or a failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice. The Plaintiff has not complied with the show cause order.

---

[1] A blank form was attached to the October 9, 2007 order.

The Plaintiff has failed to comply with two Court orders. It is apparent from the Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Plaintiff has not complied with two court orders, nor has he contacted this Court since August 3, 2007. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) is proper. Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's Complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 7th day of February, 2008.

                                      s/ *Louis Guirola, Jr.*
                                      LOUIS GUIROLA, JR.
                                      UNITED STATES DISTRICT JUDGE